## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT FELSON, SR.,

      Plaintiff,

    vs.                                                  No. CIV 97-1585 JC/JHG

GIANT INDUSTRIES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant Giant Industries, Inc.'s Motion to Dismiss, filed July 7, 1998 *(Doc. 17)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant's motion is well taken in part and will be granted in part.

**I.**    **Factual Background**

Plaintiff is a forty-six year old Native American male who is suing his former employer, Giant Industries, Inc. ("Giant Industries"), under a six-count First Amended Complaint *(Doc. 7)*. Plaintiff's allegations stem from his employment with, and recent discharge from, Giant Industries.

The six counts of Plaintiff's First Amended Complaint are: *Count I*: Failure to Promote and Wrongful Discharge Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; *Count II*: Violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*; *Count III*: Breach of Contract; *Count IV*: Breach of the Covenant of Good

Faith and Fair Dealing; *Count V*: Intentional Infliction of Emotional Distress; and *Count VI*: Prima Facie Tort.

**II.     Discussion**

Defendant moves to dismiss Plaintiff's suit under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), based on Plaintiff's untimeliness in serving a summons and complaint as per the Court's April 17, 1998 Order *(Doc. 6)*. Defendant alternatively moves to Dismiss Counts I, II, V, and VI under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on various grounds.

When faced with a motion to dismiss, the Court must accept all well-pled factual allegations in the light most favorable to Plaintiff. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir.1995). "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling" him to relief. Bauchman v. West High Sch., 132 F.3d 542 (10th Cir. 1997) (citing Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586 (10th Cir.1994)). The dismissal standard, although stringent, does not allow Plaintiff to "overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint." Id. Plaintiff's complaint must show that he is entitled to relief under each of his claims.

Summary judgment, on the other hand, is appropriate only "if there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment requires "[t]he evidence [to be] viewed in the light most favorable to the nonmoving party." Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if there is not sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "Thus, to

defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250 (citations omitted).

A motion to dismiss can be converted to a summary judgment motion if the parties are given adequate notice and an opportunity to present relevant evidence. See David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). Occasionally, the submission of outside evidence in response to a motion to dismiss constitutes the requisite notice and opportunity. See id. (citing Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986) and Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir. 1985)). Since Plaintiff has responded to Defendant's motion to dismiss with the affidavits of John Wright and Gilbert J. Vigil, and is arguing that there is a genuine issue as to the date Plaintiff received the Equal Employment Opportunity Commission's ("EEOC's") right to sue letter, I will treat Defendant's motion to dismiss as a motion for summary judgment.

Under 42 U.S.C. § 2000e-5(f)(1), a prospective plaintiff has ninety days to file a civil suit following the receipt of an EEOC right to sue letter. See Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996). Failure to file suit within the ninety-day window is fatal to the claim. See Noe v. Ward, 754 F.2d 890, 892 (10th Cir. 1985). Defendant moves to dismiss Plaintiff's Title VII claim for failing to meet the ninety-day window.

I find that dismissal is appropriate for Plaintiff's Title VII claim. Plaintiff filed his original Complaint on December 12, 1997 *(Doc. 1)*. In his complaint, Plaintiff stated that the EEOC issued his right to sue letter on September 8, 1997, and that he received the letter on September 12, 1997.

(Plaintiff was originally acting *pro se* and personally signed the complaint under penalty of perjury.) December 12 is ninety-one days after September 12.

Plaintiff submits two affidavits challenging the date of receipt he stated in his original complaint. Plaintiff's first affidavit is from Mr. John Wright, a federal investigator with the EEOC. (Pl.'s Resp. Ex. A.) According to Mr. Wright, "sometime in the Fall of 1997," Plaintiff stated that he received his right to sue letter "at least one week after it was mailed." Id.

Plaintiff's second affidavit is from his attorney, Mr. Gilbert J. Vigil. Mr. Vigil's affidavit is unclear. Part of the affidavit indicates Plaintiff "informed [Mr. Vigil] that he reveived [sic] his Notice of Right to Sue about a week after it was mailed on September 8, 1997." Another part of the affidavit indicates Plaintiff was unsure whether he received the letter on September 12, 1997.

I find that neither of Plaintiff's affidavits creates a genuine issue of material fact. See Cormier v. Pennzoil Exploration and Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (hearsay affidavits do not amount to a genuine issue of material fact). Both affiants lack personal knowledge of when Plaintiff received his letter. The affiants have based their statements on what Plaintiff allegedly told them–discussions that may have even occurred before Plaintiff's sworn statement in his complaint. Therefore, I will dismiss Plaintiff's Title VII claim.

Since Plaintiff's only other federal claim has been dismissed by Stipulated Order *(Doc. 16)*, I will also dismiss, without prejudice, Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3).[1]

---

[1] Plaintiff originally claimed that the Court had "jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) as well as 28 U.S.C. §1331, §1343, and under well settled principles of pendent jurisdiction." (First Am. Compl. at 1.) Plaintiff did not allege diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and no amount in controversy has been pled.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is **granted in part**. Summary Judgment is granted for Defendant and against Plaintiff as to Plaintiff's Title VII claim under *Count I* of the Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff's state law claims under *Counts III, IV, V* and *VI* of the amended complaint are dismissed without prejudice.

DATED this 20th day of October, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Jill J. Smith
　　　　　　　　　　　Law Office of Jill J. Smith
　　　　　　　　　　　Albuquerque, New Mexico

　　　　　　　　　　　Gilbert J. Vigil
　　　　　　　　　　　Law Office of Gilbert J. Vigil
　　　　　　　　　　　Albuquerque, New Mexico

Counsel for Defendant:	Thomas L. Stahl
　　　　　　　　　　　Jeffrey L. Lowry
　　　　　　　　　　　Rodey, Dickason, Sloan,
　　　　　　　　　　　 Akin & Robb, P. A.
　　　　　　　　　　　Albuquerque, New Mexico